## Myers *v.* B. & O. R. R., Appellant.

[Marked to be reported.]

*Negligence—Railroads—Stop, look and listen.*

The rule that a traveler approaching a railroad crossing must stop, look and listen is imperative. If he disregards it, the presumption of negligence on his part is a presumption *juris et de jure.*

If one complies with the rule and sees or hears an approaching train, he must wait for it to pass. If he cross before the train, unless compelled by an imperious necessity, his negligence is a presumption of law.

*Legal presumption where train is plainly visible.*

One who is struck by a moving train which was plainly visible from the point he occupied when it became his duty to stop, look and listen, must be conclusively presumed to have disregarded that rule of law and of common prudence, and to have gone negligently into an obvious danger.

| 150 | 386 |
| 208 | ³375 |
| 150 | 386 |
| f212 | 156 |
| 28 SC | ² 7 |
| 28 SC | 10 |
| 150 | 386 |
| 214 | ²383 |

| 150 | 386 |
| f226 | ³371 |
| 227 | ³141 |
| 41SC² | 233 |

Argued April 5, 1892.　Appeal, No. 219, Jan. T., 1892, by defendant from judgment of C. P. No. 3, Philadelphia Co., June T., 1891, No. 866, on verdict for plaintiff.　Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for damages for alleged negligence in running defendant's train.

The facts appear by the opinion.

One of defendant's points was as follows:

" 3. If plaintiff was struck and injured by a train on a railroad along which he could have seen while approaching it, it is conclusive evidence that he did not stop, look and listen, and he was, therefore, guilty of contributory negligence, and cannot recover for the injury done to him under such circumstances. *Answer:* The application of that point to the evidence in this case is for you exclusively. If the facts warrant the statement in the point, then the point is true. If the plaintiff was struck and injured by the train on the railroad along which he could have seen, while approaching it, it is conclusive evidence that he did not stop, look and listen. It is for you to say whether looking and listening at this place and under these circumstances would have enabled the plaintiff to see the approaching train. I decline the point as stated and leave its application of the facts to you without any further response from me."

Verdict for plaintiff for $2,500 and judgment thereon, whereupon defendant appealed.

*Error assigned, inter alia,* was (5) refusal of point, quoting point and answer as above.

*John M. Vanderslice, Thad. L. Vanderslice* with him, for appellant.—The uncontradicted evidence shows that plaintiff could have seen the train for a mile if he had looked. In the face of this testimony it is vain to say he looked and listened : Carroll v. R. R., 12 W. N. 348; Moore v. R. R., 108 Pa. 349; R. R. v. Bell, 122 Pa. 58; Blight v. R. R., 143 Pa. 10; Hauser

v. R. R., 1 Adv. R. 355.   The law requires one to listen as well as look: R. R. v. Mooney, 126 Pa. 252.

*Samuel Peltz*, for appellee.—Whether a traveler stopped at a suitable place cannot be ruled as a matter of law but is for the jury: R. R. v. Noar, 3 Penny. 443.   The presumption is he observed all the precautions prescribed by the law: Pa. R. R. v. Weber, 76 Pa. 157; Longenecker v. R. R., 105 Pa. 328; Quigley v. D. & H. Canal Co., 142 Pa. 388; Bradwell v. R. R., 139 Pa. 413; L. S. & M. Ry. v. Franz, 24 W. N. 321.

In Carroll v. R. R., 12 W. N. 384; s. c. 2 Penny. 159; plaintiff did not stop.   In Moore v. R. R., 108 Pa. 349, he got between the tracks and waited.   In R. R. v. Bell, 122 Pa. 58, he was intoxicated.   In Blight v. R. R., 143 Pa. 10, there were two travelers and one escaped.   In Hauser v. R. R., 29 W. N. 471, plaintiff ran directly into the train.   There are two classes of cases as above indicated and our case belongs to the first class above mentioned.

OPINION BY MR. JUSTICE WILLIAMS, July 13, 1892.

The rule is now well settled in this state that one approaching a railroad crossing upon a public highway must stop, look and listen at a convenient distance from the railroad track, before venturing to go upon it.   This rule is imperative.   If one disregards it and suffers injury in the attempt to cross, the presumption of negligence on his part is a presumption *juris et de jure*.   Having contributed to his own injury he is remediless. If the traveler complies with the rule, and can see or hear a moving train approaching the crossing, what must he do?   It follows logically from the rule now so firmly established that he must wait for the approaching train to pass.   If he does not do so he crosses at his peril.   He has notice that the train is coming, he knows, he is bound to know, that trains are moved at a high rate of speed reaching and sometimes exceeding a mile in a minute.   He is without exact knowledge of the actual rate at which the train he sees or hears is coming, and the only safe thing he can do is to wait.   If he does not wait, but risks his safety on his own calculation of the chances that he will be able to cross the track before the train can reach him, he must not complain of the consequences if his calcula-

tion fails and disaster overtakes him.   It will not do to say that a jury may review his calculation and pass upon its reasonableness.    That would destroy the rule and leave the question of contributory negligence to depend upon a measure that would change with every change of jurors, and with the exigencies of every case.   Seeing or hearing the approaching train the traveler is warned of his danger.   To wait is safe. It is the only course he can take that is free from danger.   If he goes on in the face of a known danger, without an imperious necessity compelling it, negligence is a presumption of law.

In this case we encounter another question.   The plaintiff says he complied with the rule.   At about fifteen or twenty feet from the track he says he stopped his team, looked each way along the railroad, and listened; and that he neither saw nor heard a train approaching.   He then drove on and while upon the track was struck and injured.   If this is true he did all the rule requires and all that was possible to be done.   Is it true?   This question the court below left to the jury, and they promptly found that it was true.   The defendant asked the court to say as a matter of law that upon the facts of this case it was not true.   Our question is whether this instruction should have been given.   The facts as shown by the plaintiff's case are these: (a) The track was straight and smooth and unobstructed, so that from the crossing, or the point where the plaintiff says he stopped to look and listen, it could be seen for more than half a mile in either direction.   (b) The speed of the train was from ten to twelve miles per hour.   (c) The engine was running backwards with a large reflecting head light perched upon the top of the tender, facing towards the crossing; and another in its usual place on the front of the engine. (d) The time was about three o'clock A. M. while the darkness still prevailed.

If therefore the plaintiff moved at the rate of four miles per hour he would pass over the twenty-four feet necessary to bring him upon the track in about four seconds.   If the train was moving at the rate of twelve miles per hour, it would pass over three times that distance in the same time, or seventy-two feet.

Now it is clear from the testimony, and clear as a matter of common observation, that an approaching head light can be

seen for several miles. It is absolutely certain from the plaintiff's own testimony that the head light upon the tender, at the time he says he stopped, could not have been, on any estimate of the rates of speed, more than two or three hundred feet away, and in plain view. If he had stopped and listened he must have heard the noise of the train. If he had looked the blazing head light would have confronted him, for it was squarely in his line of vision throwing its glare over intervening objects and making the darkness on either side darker by the contrast.
The fact that four or five seconds after he says he looked and listened he was struck by a train that must have been plainly visible and almost on him at the time he alleges he looked, is so palpably and absolutely irreconcilable with the truth of his statement that he did stop, look both ways, and listen, before driving upon the crossing, that it is trifling with justice to permit a jury to find that it is true. Such a finding is absurd. It is simply and flatly impossible that one can stop, look and listen for an approaching train that is in plain view and close at hand, and be unable to see or hear it, if he possesses the senses of sight and hearing. It seems therefore necessary to advance one step in the application of the doctrine of legal presumption, and to lay it down as a rule, that one who is struck by a moving train which was plainly visible from the point he occupied when it became his duty to stop, look and listen, must be conclusively presumed to have disregarded that rule of law and of common prudence, and to have gone negligently into an obvious danger. A line of well considered cases leads fairly up to this conclusion : In Carroll v. The Pa. Railroad Co., 12 W. N. 348, we said : " It is in vain for a man to say he has stopped and looked and listened if in despite of what his eyes and ears must have told him he walked directly in front of a moving locomotive." The same principle has been recognized in Mulherrin v. Railroad Co., 81 Pa. 366 ; Moore v. Railroad Co., 108 Pa. 349 ; Penna. Railroad Co. v. Mooney, 126 Pa. 244 ; Bacon v. D. L. & W. Railroad Co., 143 Pa. 14. The fifth assignment of error is accordingly sustained.

As this is conclusive of this case a discussion of the remaining assignments becomes unnecessary and the questions raised by them in so far as they are to any extent open, will remain so for the present.

The judgment is reversed.