KLUTT v. PHILADELPHIA & R. RY. CO.

(Circuit Court, E. D. Pennsylvania.  December 23, 1904.)

No. 25.

1. CONTRIBUTORY NEGLIGENCE—ATTEMPTING TO CROSS STEAMER'S BOWS IN ROWBOAT.

A decedent was guilty, as matter of law, of contributory negligence which precludes a recovery for his death, resulting from his attempting to cross in a small rowboat in front of two car floats in tow on either side of a tug, which were passing up the Delaware river, where it was full daylight, and he had an unobstructed view for a long distance, and must have seen the approaching vessels if he looked, and could have avoided any danger, if he looked in time, by stopping a minute or two until they passed.

At Law.  On motion for new trial.

Francis Fisher Kane, for plaintiff.
John G. Lamb, for defendant.

J. B. McPHERSON, District Judge.  A reconsideration of the testimony offered by the plaintiff on the trial has only strengthened the opinion that led me to direct a verdict for the defendant on the ground that the contributory negligence of plaintiff's husband was plainly apparent.  He was rowing a small boat in broad daylight across the Delaware river from Petty's Island to the Pennsylvania shore, a distance of about half a mile, and lost his life in an effort to cross the bows of two loaded car floats, one lashed upon either side of a tug that was taking them up the river against the tide to the wharves of the defendant company.  The view down the river from the shore and the island and from the rowboat was unobstructed for a long distance, and if the decedent did not see the floats at all it could only have been because he did not take enough care of his own safety to look in that direction.  If he did look in season, he must have seen the approaching vessels, and in that event no doubt supposed—mistakenly, as it turned out—that he had time to cross in front of them.  Undoubtedly, if he saw them at some distance, he chose to take the risk of crossing in front, instead of resting on his oars for a moment or two, and crossing in perfect safety in the rear.  The only alternative supposition is that he did not look until the danger was close upon him, when he either became confused, and did the wrong thing, or did not then have time to escape.  Whether, therefore, the decedent failed to look at all, and therefore saw nothing until he was struck; or failed to look in time to take the necessary precautions; or looked in time, but took the risk of crossing the bows of the tow—it seems to me that in either event he was guilty of contributory negligence.  He should have been watchful enough to see the approaching vessels, and should have crossed behind them, where he would have been in no danger whatever.  The undisputed facts seem to bring the case into close analogy with the class of decisions of which Carroll v. Railroad Co., 12 Wkly. Notes Cas. 348, s. c., 2 Penny. 159,

may be taken as the type, where a plaintiff, who has been struck by an approaching train as he steps upon the track, has often been conclusively presumed to have been negligent in spite of his formal assertion that he did stop, look, and listen before attempting to cross. "It is idle," the court declare in a brief opinion, "for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." This ruling has been approved in many later cases, of which Myers v. R. R. Co., 150 Pa. 386, 24 Atl. 747, and Hess v. R. R. Co., 181 Pa. 492, 37 Atl. 568, may suffice as examples. So here, as it seems to me, it is vain to argue that the decedent took proper care of his own safety, when upon a broad river, in full daylight, with an unobstructed course before him, he is struck by the bows of an approaching tow, which he must have seen if he had looked, and could certainly have avoided if he had looked in time and had taken the proper course.

The motion for a new trial is dismissed.