# Blotz, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Crossings.*

In an action against a railroad company to recover damages for the death of plaintiff's son, it appeared that the deceased while riding in a buggy was killed by a passenger train at a grade crossing of the defendant's road. At the usual stopping place ninety-five feet from the crossing there was a view of the track east in the direction of the train for 1,550 feet, but this view, because of intervening trees and buildings, did not include 500 feet of the track nearest the crossing. After leaving this stopping place no part of the track could be seen by a person riding on the public road until a point fifteen or twenty feet from the track was reached, where there was a view which extended, according to the plaintiff's witness, from 300 to 500 feet, and, according to the witnesses for the defendant, about 1,000 feet. The deceased was familiar with the crossing, and the testimony of the only witness to the accident, the defendant's engineer, corroborated by marks on the ground and on the side of the engine, left no ground for doubt that without stopping he drove directly into the side of the engine. *Held,* that binding instructions for defendant were proper.

Argued April 12, 1905. Appeal, No. 290, Jan. T., 1904, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1899, No. 304, on verdict for defendant in case of Mary Blotz v. Lehigh Valley Railroad Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John T. Lenahan*, with him *Edward A. Lynch*, for appellant, cited : Penna. R. R. Co. v. Weiss, 87 Pa. 447 ; Spear v. R. R. Co., 119 Pa. 61 ; McCafferty v. R. R. Co., 193 Pa. 339 ; Devlin v. Beacon Light Co., 198 Pa. 583 ; Heh v. Consolidated Gas Co., 201 Pa. 443 ; Rauch v. Smedley, 208 Pa. 175 ; Harlow v. Homestead, 194 Pa. 57 ; Lautner v. Kann, 184 Pa. 334 ; Whitman v. Penna. R. R. Co., 156 Pa. 175 ; Cougle v. McKee, 151 Pa. 602 ; Newman v. R. R. Co., 203 Pa. 530.

*H. W. Palmer* and *J. B. Woodward*, of *Woodward, Darling & Woodward*, for appellee, cited : Penna. R. R. Co. v. Mooney, 126 Pa. 244 ; Holland v. Kindregan, 155 Pa. 156 ; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610 ; Holden v. Penna. R. R. Co., 169 Pa. 1 ; Pottsville Lumber Co. v. Wells, 157 Pa. 5 ; Greenway v. Conroy, 160 Pa. 185.

OPINION BY MR. JUSTICE FELL, May 15, 1905 :

The plaintiff's son while riding in a buggy was killed by a passenger train at a grade crossing of the defendant's road. At the usual stopping place, ninety-five feet from the crossing, there was a view of the track east in the direction of the train for 1,550 feet, but this view, because of intervening trees and buildings, did not include 500 feet of the track nearest the crossing. After leaving this stopping place no part of the track could be seen by a person riding on the public road until a point fifteen or twenty feet from the track was reached, where there was a view which extended, according to the plaintiff's witness, from 300 to 500 feet, and, according to the witnesses for the defendant, about 1,000 feet. The deceased was familiar with the crossing, and the testimony of the only witness to the accident, the defendant's engineer, corroborated by marks on the ground and on the side of the engine, leaves no ground for

doubt that without stopping he drove directly into the side of the engine. The question presented by this appeal is whether the court was warranted in directing a verdict for the defendant.

The plaintiff's case rested upon the presumption that her son had stopped, looked and listened before driving on the crossing, and on evidence, mainly of a negative character, that no signal of the approach of the train had been given. The presumption that he stopped at the usual stopping place ninety-five feet from the crossing, is based on the natural impulse of self-preservation and there is nothing in the circumstances shown that repels it. But his duty did not end there. A rule of law required that he should continue to exercise care as he approached the track and that, if necessary in order to obtain a view of it, he should get out of the buggy and walk in front of his horse. The question was not whether, having stopped once where he could see and hear, he should have stopped again, which would have been for the jury, but whether, having stopped where he could not see a train within 500 feet of the crossing, he was relieved from all further legal duty of care. This was for the court. That he exercised no precaution when near the track is manifest from the fact that he could have seen the train and that he was struck by the side of the engine. These circumstances connected with the accident amount to evidence that admits of no conclusion except that he either did not look or that he went on in the presence of manifest danger, and the case comes within the rule established by Carrol v. Penna. Railroad Co., 12 W. N. C. 348 ; Myers v. B. & O. Railroad Co., 150 Pa. 386.

The judgment is affirmed.