## Sefton v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Automobile—Collision at grade crossing—Contributory negligence.*

In an action by the owner and driver of an automobile against a railroad company to recover damages for personal injuries sustained at a railroad crossing by a collision between a train and an automobile, the plaintiff will not be entitled to recover where it appears that plaintiff stopped forty-five feet from the track to look and listen, and then proceeded without further stop with the result that the train collided with his car the moment he reached the track, although just before entering upon the track he had an unobstructed view in the direction from which the train came for a distance of four hundred and eighty feet.

In such a case it is vain for the plaintiff to assert that he looked and listened before entering upon the track, and did not see or hear any train.

Argued May 9, 1916. Appeal, No. 140, April T., 1916, by defendant, from judgment of C. P. Butler Co., March T., 1916, No. 179, on verdict for plaintiff in case of Ira L. Sefton v. Baltimore & Ohio Railroad Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $693.77. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

R. P. Scott, for appellant.

*John R. Henninger,* with him *Horace J. Thomas,* for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

The plaintiff recovered a verdict in the court below, and on this appeal, it is conceded that the question involved, is the sufficiency of the evidence to warrant the court in submitting the case to the jury.

The accident occurred in clear daylight on a grade crossing of the defendant's double track railroad, the tracks being located 6 to 8 feet apart. The plaintiff was an expert automobile operator, and driving his own car on a road with which he was not familiar. His approach to the crossing was along a public highway which for quite a distance paralleled the railroad, and forty-seven feet distant from the near or west bound track, the highway spanned a creek which was reached by a sharp incline. At the end of the bridge nearest the railroad, he says he stopped his automobile for probably fifteen seconds, to look and listen for a train, and not seeing or hearing one, he proceeded toward the railroad crossing, without any second stop.

Before entering on the west-bound or near track, he had an unobstructed view in the direction from which the passenger train came, for a distance of four hundred and eighty feet. He entered upon this first track, and before the front wheel of his car had reached the eastbound or farther track, it was struck by the bumper or cylinder head of the engine and swung around on the west bound track, causing the injuries for which he claims to recover.

He describes the situation immediately preceding the accident, as follows: "I thought, if I would try to make it across I would get about the middle of the car, and probably be killed, and I thought I had time to stop; it was running on the track and I did get stopped before I got on the other track." On cross-examination he stated, "Q.—In short, practically you collided with the

train or the train collided with you the moment you got on the west-bound (first) track? A.—Yes, sir. Q.—And the headblock of the engine struck your car a sort of side swipe? A.—Sort of angling across. Q.—You didn't stop from the time you stopped at the end of the bridge (forty-seven feet distant) until you stopped at that point (on the west bound track)? A.—No, sir. Q.—How far were you from the engine when you saw it, as you were going on the tracks? A.—About three hundred feet. Q.—Was your car traveling when it was struck? A.— No. Q.—How did you come to stop it? A.—I stopped it on account of the approaching train."

The usual sign of stop, look and listen was prominently displayed at the railroad crossing, and visible from the county bridge where he stopped. The view for a farther distance than four hundred and eighty feet in an easterly direction was obstructed by buildings.

The plaintiff makes out a clear case of contributory negligence. He had full notice of the location of the crossing, when at a safe distance from it; he entered upon the west bound track after a clear view of four hundred and eighty feet, and with a rapidly approaching train, so as to render a collision inevitable. No other conclusion can be reasonably drawn from his own testimony. He had full control over his machine and voluntarily took his chance of stopping his car on the west bound track, instead of before entering upon it. While he says, he looked and listened and did not see or hear any train, under the facts as he details them, he will not be permitted to recover on such testimony, when the circumstances make it plain that the proper exercise of his senses must have shown him the danger: Marland v. Pittsburgh, Etc., R. R. Co., 123 Pa. 487; Connerton v. Del. & H. Canal Co., 169 Pa. 339; Paul v. Philadelphia & Reading R. R. Co., 231 Pa. 338. As was said in the last cited case—The unbending rule as to the duty of a traveler on a public highway, as he approaches a railroad crossing is to stop, look, listen. He must listen as well

as look, for conditions may be such that though, when he stops at a proper place and looks, he cannot see a coming train, he yet must hear it if he listens." A heavy passenger train was rapidly approaching, and whether the whistle was sounded or bell rung or not, the noise and rumble of the train was not muffled, and when he says he did not hear, in the light of human observation and experience, it was because he was not listening, as required by the law. The fact that four or five seconds after he says he looked and listened, he was struck by a train that must have been plainly visible and almost on him at the time he alleges he looked, is so palpably and absolutely irreconcilable with the truth of his statement, that he did stop, look and listen at the proper place, that it is trifling with justice to permit a jury to find that it is true: Myers v. B. & O. R. R. Co., 150 Pa. 386; Bernstein v. Penna. R. R. Co., 252 Pa. 581.

It is not necessary to consider the other assignments of error. The fourth is sustained, and the judgment is reversed.