# Von Bergen *v.* Erie Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Husband and wife.*

Where a husband and wife riding in a bobsled drawn by a horse approach a grade-crossing of a railroad known to both of them to be dangerous, and the husband who was driving does not stop, look

or listen before entering upon the crossing, and the horse is struck by a passing train, the sled upset and his wife injured, without negligence by the railroad company, the wife cannot recover damages from the railroad company, if it appears that she and her husband at the time of the accident were engaged in a mission of mutual interest, that the wife knowing the dangerous character of the crossing, made no remonstrance to the action of her husband nor asked him to stop in a safe place, and that when the horse was on the track her husband got out leaving the reins in her hands.

Argued March 4, 1918. Appeal, No. 35, March T., 1918, by defendant, from judgment of C. P. Susquehanna Co., Jan. T., 1916, Nos. 34 and 35, Jan. T., 1917, on verdict for Lena Von Bergen, in cases of J. T. Von Bergen and Lena Von Bergen, v. Erie Railroad Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DENNEY, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for Lena Von Bergen for $1,200. Defendant appealed.

*Error assigned,* amongst others, was in overruling defendant's motion for judgment non obstante veredicto.

*Wm. A. Skinner,* for appellant.—It is not claimed that the negligence of the husband is imputed to the wife, but that her own conduct shows contributory negligence per se. They both violated a fixed rule of law and the danger was patent: Farquhar v. Webster, Etc., Ry. Co., 50 Pa. Superior Ct. 536; Kunkle v. Lancaster Co., 219 Pa. 52; Dean v. Pa. R. R. Co., 129 Pa. 514.

*John Ferguson,* for appellee.—A person placed in a dangerous position without fault on their part, is not bound to use the best judgment in extricating themselves,

but only the judgment of an ordinarily prudent and reasonable person: Centofanti v. Penna. R. R. Co., 244 Pa. 255.

OPINION BY ORLADY, P. J., July 10, 1918:

Two actions of trespass were brought by the plaintiffs to recover damages for the loss of property of the husband, and for personal injuries of the wife, by reason of a grade crossing accident which occurred under the following circumstances: On December 23, 1914, near noon, the plaintiffs with the mother of the wife, started to go from Great Bend to Hallstead, in order that the mother might take a train at the latter point. They were riding in a bobsled drawn by one horse, and approached the crossing on a down grade, snow and ice covered road. They had lived near Great Bend for about seven years and were familiar with the road, the crossing and its surroundings. The husband was driving at from two to five miles per hour, and did not stop until his horse was struck on the neck by a descending bar or gate, which was a signal appliance to prevent persons from occupying the railroad crossing. This gate was operated from a tower about 200 feet distant, and as it descended five or six gong signals were given at short intervals until the gate was horizontal along the line of the track. The gates are placed about six feet distant from the nearest rail and descended slowly. When the driver heard the first signal and saw the gate descending, he attempted to stop the horse, but failed by reason of the slippery condition of the road, which prevented the horse being halted until its head had passed the line of the descending gate or bar. The driver got out, leaving the reins in the hands of the wife. At that instant, a regular freight train passed at the rate of about thirty miles an hour, killed the horse, upset the sleigh and caused the injuries claimed for in this action. The wife's mother jumped from the sleigh and was uninjured. At the conclusion of the trial the defendant asked for binding instructions in its favor,

which was refused, but the jury was instructed that there could be no recovery by the husband by reason of his contributory negligence, and submitted to the jury the question of the defendant's negligence, and the contributory negligence of the wife. The trial resulted in a verdict of $1,200 for the wife, which, after hearing on rules for a new trial, and judgment for defendant non obstante veredicto, a judgment was entered on the verdict, from which this appeal is taken.

The controlling facts of the case are not in dispute. The wife was as familiar with the surroundings as her husband. They were engaged in a mission of mutual interest. She joined with her husband in testing an apparent danger without requesting that a positive stop be made at a safe place. There is nothing in the evidence to suggest any negligence on the part of the defendant in lowering the gate, as the testimony clearly shows that it was done in the usual manner and time, and had it not been down, it is apparent that the horse and sleigh with its occupants, would have been on the tracks when the freight passed the crossing. While it did not prevent an accident, it did prevent a much more serious one than did occur. The husband was rightly held guilty of such contributory negligence as would not entitle him to recover anything: Sefton v. B. & O. R. R. Co., 64 Pa. Superior Ct. 218. The more serious question is, whether his contributory negligence can be visited upon the wife, and on this subject the authorities in this State clearly determine that she is not entitled to recover. She was not a passenger in the sense of one being conveyed by public carrier, but engaged with her husband in an enterprise in which each had an equal concern. The rule to stop, look and listen, is not a rule of evidence but a rule of law, peremptory, absolute and unbending; and the jury can never be permitted to ignore it, to evade it, or to pare it away by distinction and exception. That failure to stop, is not merely evidence of negligence, but negligence per se, has been frequently declared by both appellate courts

of this State.   The danger was as obvious to the wife as
to the husband.   She knew the dangerous character of
the crossing, and the imminent peril of attempting to oc-
cupy it.   The negligence of the husband, who had con-
trol of the horse was apparent.   When he got out of the
sleigh he transferred the reins to the wife, who up to that
time had made no remonstrance to the negligent driver,
or had she asked him to stop at a safe place.   Each par-
ticipated in the negligence which caused the accident,
and which could have been avoided, so far as the wife's
claim is concerned, by protesting against taking the
chance.   Each imprudently decided to go on the crossing
when it was too late to check the horse.   Her reliance on
her husband's judgment cannot relieve her from the ne-
cessity of acting with due care and prudence under such
circumstances.   While the verdict is in her own favor, it
is incidentally for the benefit of her husband in relieving
him of his duty to his wife.

The case is a hard one, but the defendant being entirely
free of negligence in the matter, having exercised every
reasonable precaution to prevent the occupancy of the
track by travelers, should not be held liable for the want
of care according to the circumstances, by one who takes
such a manifest risk: Dean v. Penna. R. R. Co., 129 Pa.
514; Crescent Township v. Anderson, 114 Pa. 643; Klei-
man v. Penna. R. R. Co., 66 Pa. Superior Ct. 295; At-
lantic Refining Co. v. New York, Chicago, Etc., R. R.
Co., 67 Pa. Superior Ct. 320.

For the reasons given above, we are obliged to hold
that the wife participated in the negligence of her hus-
band to such a degree that she is not entitled to recover.

The judgment is reversed.   The record to be submitted
to the court below and judgment to be entered for the
defendant.