NOTE.—The authorities relied upon were: 1 Ruling Case Law, 148; 16 Corpus Juris, 137; Wharton on Homicide (3rd ed.), 85; 1 Chitty's Criminal Law, 217; 2 Sharswood's Blackstone (Bk. 4), 38; 1 Hale's Pleas of the Crown (1 Am. ed.), 618; 2 Hawkins's Pleas of the Crown, 439.

---

## Sommers v. Dougherty.

*Practice, C. P.—Automobiles—Negligence of chauffeur—Contributory negligence of passenger—Affidavit of defence alleging no cause of action.*

1. Plaintiff sued to recover damages sustained in an automobile accident while riding as a passenger in defendant's car. The statement of claim alleged that the driver, in an effort to overtake another automobile to transfer one of the other passengers of his car, ran in a reckless, careless and negligent manner at a speed of at least fifty or sixty miles an hour, and, while so doing, collided with a telephone pole, injuring the plaintiff. The defendant filed an affidavit of defence, alleging that the plaintiff's statement set forth no cause for action, because it did not sufficiently allege the agency of the driver, and because the statement disclosed contributory negligence on the part of the plaintiff in joining with the driver in testing a manifest danger: *Held,* that both the fact and scope of the driver's agency for the defendant and the adequacy of plaintiff's compliance with her duty under the circumstances and according to the authorities were matters for the determination of a jury. The defendant was allowed fifteen days to file a supplemental affidavit of defence.

*Automobiles — Negligence of chauffeur — Liability of owner — Scope of employment.*

2. In a suit for damages for injuries received in an automobile accident by a passenger through the negligence of the driver in the absence of his employer, the plaintiff must show that the relation of master and servant existed between the defendant and the driver at the time of the accident, that the driver was engaged in his employer's business and that he was acting within the scope of his employment in operating the car. The employer may not be relieved of liability for the tortious act of the driver when acting for him in furthering his business, although he is acting contrary to instructions and outside of his "line of duty" and without regard to his motives.

*Automobiles — Negligence of chauffeur — Contributory negligence of passenger—Joining in testing a manifest danger.*

3. Where danger, arising out of the operation of a vehicle by another, is manifest to a passenger, who has adequate opportunity to control the situation, his negligence will bar recovery if he sits without protest and permits himself to be driven to his injury. Such negligence is not the negligence of the driver, imputed to him as a passenger, but is his own negligence in joining with the driver in testing manifest danger.

4. A passenger's reliance upon the driver's judgment cannot relieve him from the necessity of acting with due care and prudence.

Affidavit of defence in lieu of demurrer. C. P. Berks Co., Feb. T., 1922, No. 21.

*H. Robert Mays,* for plaintiff; *George J. Gross,* for defendant.

ENDLICH, P. J., March 25, 1922.—The statement filed in this case declares (observing its, in some respects, peculiar phrasing) that the defendant is an

2 D. & C.

Sommers v. Dougherty.

undertaker, and, as such, was in charge of a certain funeral on Jan. 10, 1921; that, for the purpose of conveying mourners from the home of the deceased at Blandon to Gethsemane Cemetery, Muhlenberg Township, he used certain automobiles operated by, and in charge of, his driver or chauffeur; that after the burial the driver or employee of defendant directed Ellen C. Sommers, plaintiff, and other persons into the automobile then and there owned or controlled by defendant, for the purpose of being conveyed from the cemetery to Reading; that after the automobile so owned or controlled by defendant and operated by his driver and employee was loaded with people, the automobile in charge of defendant's employee started on its way to Reading; that after it had proceeded a short distance the driver, employee of defendant, learned that among the passengers was one desirous of returning to the home of the deceased in Blandon instead of going to Reading; that the driver in charge of defendant's automobile turned his machine towards Blandon, and in an effort and attempt to overtake automobiles carrying others to that place, he ran the automobile in a reckless, careless and negligent manner, and at a speed of at least fifty to sixty miles per hour, and while so doing, the machine collided with a telephone pole, wrecking the automobile and injuring Mrs. Sommers. The defendant has filed an affidavit of defence, alleging that plaintiffs in their statement have set forth no cause of action under which they have suffered any injury for which the defendant is liable in damages.

The rule as to liability for acts or omissions of a driver or chauffeur in the absence of the employer is thus stated in Luckett v. Reighard, 248 Pa. 24, at page 31:

"(The plaintiff) must show that the relation of master and servant existed between the defendant and the person in charge of the car at the time of the accident, that the servant was engaged in his master's business and was acting within the scope of his employment at the time the tortious act was committed, resulting in the injury to the plaintiff. The servant must not only be engaged in and about his master's business, but must be acting within the scope of his employment in operating the machine to impose liability upon the master. The test of liability is whether the servant at the time of the plaintiff's injury was acting within the scope of his authority in furtherance of his master's business. The master, however, may not be relieved of liability for the tortious act of his servant when acting for him in furthering his business, although he is acting contrary to instructions, and the act was done by the servant at a place to which the performance of his duty did not necessarily call him. The master is responsible for the negligent acts or omissions of his servants in the course of their employment, though unauthorized or even forbidden by him, and although outside of their 'line of duty' and without regard to their motives."

The negligence of the driver is not, indeed, imputed to the passenger: Crescent Township v. Anderson, 114 Pa. 643, 647. But when dangers, which are either reasonably manifest or known to a passenger, confront the driver of a vehicle, and the passenger has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence on his part, which will bar recovery of damages by him from the master. A passenger is not, to be sure, required to exercise the same degree of care and watchfulness as the driver, yet a passenger must bear the consequences of his own negligence when he joins in testing a danger. The extent, however, to which one in the position of a passenger should appreciate an impending peril,

and act in relation thereto, turns upon the facts peculiar to each case, and unless these are manifest and the inference to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination. Moreover, the authorities recognize that, as measuring the adequacy of the opportunity for control, there are occasions when any pronounced effort in that direction might do more harm than good: Minnich *v.* Transit Co., 267 Pa. 200, 204-05; Hardie *v.* Barrett, 257 Pa. 42, 46, and cases there collated—the rule gatherable from all of them being that, whilst the negligence of the driver is not imputed to the passenger, the latter is fixed with his own negligence when he joins the former in testing manifest dangers. It may be necessary, in the exercise of proper care, for the passenger to warn the driver or to ask him to stop and, if need be, let him get out. If he commits himself voluntarily to the action of the driver and joins with the driver in testing the danger, he is responsible for his own conduct as contributory negligence. The addition of a few brief citations may serve to define still more precisely the rule and its limitations. It is said in Hermann *v.* Rhode Island Co., 36 R. I. 447, approvingly cited in Vocca *v.* Railroad Co., 259 Pa. 42, 45, that "if the driver be careless or reckless in his conduct, and this is known to the passenger, and there be reasonable opportunity to do so, it would be the passenger's duty to caution the driver and remonstrate with him, and if the latter persisted in his improper conduct, to leave the vehicle."

And in Azinger *v.* Railroad Co., 262 Pa. 242, 249, the principle is laid down (and Dean *v.* Railroad Co., 129 Pa. 514, 525, applies substantially the same rule) that "The rule established by our cases is that when danger, arising out of the operation of a vehicle by another, is manifest to a passenger, who has adequate opportunity to control the situation, if he sits without protest and permits himself to be driven to his injury, his negligence would bar a recovery. Such negligence is not the negligence of the driver, imputed to him as a passenger, but his own negligence in joining with the driver and testing manifest danger."

Eline *v.* Railway Co., 262 Pa. 33, 37, states the principle as follows: "A passenger who, having opportunity, fails to warn the driver of a known danger, and to protest against incurring it, is guilty of negligence."

In Martin *v.* Railroad Co., 265 Pa. 282, 286-87, it is given in this form: "The passenger is not required to exercise the same high degree of care and constant watchfulness as the chauffeur; nevertheless, he must exercise a reasonable degree of watchfulness, and, when occasion requires, warn the driver of threatened danger, and he may, as matter of law, be chargeable with contributory negligence, even where he has done nothing."

Of course, a passenger's reliance upon the driver's judgment cannot relieve the former from the necessity of acting with due care and prudence, and if he participates in the negligence of the driver, he will disentitle himself to recover: Von Bergen *v.* Railroad Co., 70 Pa. Superior Ct. 46, 50. But, as pointed out in Minnich *v.* Transit Co., 267 Pa. 200, and Hardie *v.* Barrett, 257 Pa. 42, the question whether the passenger lived up to his duty or not is, save in exceptionally clear cases, one for the decision of the jury; and it is a general principle of the law of agency that, whilst the scope and power of an agent are questions for the court where his authority is created by an instrument in writing, where (as here) the agency is to be established by implication or by the testimony of witnesses, the fact and scope of it are for the jury: Manufacturing Co. *v.* Christian, 211 Pa. 534, 540. It is thus apparent that upon the trial of this case both the fact and scope of

2 D. & C.

the driver's agency for the defendant and the adequacy of Mrs. Sommers's compliance with her duty under the circumstances and according to the authorities would be matters for the determination of the jury. If so, the court cannot assume to pass upon them, but is bound to relegate their decision to a jury. In other words, it will be for the jury to say whether the averments of fact made in this case are true, and whether the inferences sought to be drawn from them are justified.

The defendant's application for judgment is declined, the defendant to be at liberty to file a supplemental affidavit of defence to the averments of fact of the plaintiffs' statement within fifteen days.

From Wellington M. Bertolet, Reading, Pa.