Jacob D. Miller and Wife, parents of Edna Miller, Appellants, v. The Lebanon and Annville Street Railway Company.

*Negligence—Street railways—Obstruction in highway—Infant.*

A street railway company, in obedience to the direction of the road supervisors, laid its tracks in a highway eight inches lower than the surface of the road. This direction was given because the supervisors intended to lower the grade of the road. Between the trench and the traveled part of the road a mound was formed by wagon wheels displacing the earth. This mound was about two feet from the tracks, on a part of the road over which the company had no control. A child six years old, while playing in the road, was directed by her elder sister to cross the road to their home, and was cautioned to look out for a car which was then approaching. The child walked partly across the road to a point five feet from the tracks, and stopped for the car to pass. She stood there until the front part of the car passed her, and then in some way not clearly explained she got under the rear wheels and was killed. In an action by the parents of the child against the company for damages, plaintiffs contended that defendant was negligent in laying its tracks in the trench, and that if the trench and the mound had not been there the child when she fell would have remained on the surface of the road, and not have rolled down under the wheels of the car. *Held*, (1) that, in laying the tracks according to the directions of the supervisors, there was no violation by the defendant

of its duty to conform to the grade of the road in laying its tracks; (2) that the fall of the child not having been caused by the depression of the tracks, it is mere conjecture as to whether the depression made the situation more dangerous after the fall; (3) that it was proper to give binding instructions in favor of the defendant.

Argued Feb. 14, 1898. Appeal, No. 205, Jan. T., 1896, by plaintiffs, from judgment of C. P. Lebanon Co., on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCH-ELL and FELL, JJ. Affirmed.

Trespass by parents to recover damages for the death of a child six years old. Before MEILY, P. J.

The facts appear by the opinion of the Supreme Court

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*Bassler Boyer*, for appellants, cited Gates v. Penna. R. R., 150 Pa. 50; R. R. v. McTighe, 46 Pa. 316; Herr v. Lebanon, 149 Pa. 222; R. R. v. Hope, 80 Pa. 377; Patterson on Railroad Accident Law, sec. 71, p. 69; P. R. R. v. Kelly, 31 Pa. 372; Lederman v. R. Co., 165 Pa. 118.

*Thomas H. Capp*, of *Capp & Schock*, with him *S. P. Light* and *C. H. Killinger*, for appellee, cited Ford v. Anderson, 139 Pa. 261; Reading, etc., R. R. v. Ritchie, 102 Pa. 425; Warfel v. Cochran, 34 Pa. 384; Dean v. New Milford Twp., 5 W. & S. 545; McHale v. Transit Co., 169 Pa. 416; Yealy v. Fink, 43 Pa. 212; Campbell v. Ry., 139 Pa. 522; Jackson v. Traction Co., 182 Pa. 104; Thomas v. P. & R. R. R., 148 Pa. 180; Chilton v. Central Traction Co., 152 Pa. 425; Hestonville Pass. Ry. v. Connell, 88 Pa. 520; Moss v. Phila. Traction Co., 180 Pa. 389; B. & O. R. R. v. Schwindling, 101 Pa. 258; Kline v. Traction Co., 181 Pa. 276.

OPINION BY MR. JUSTICE FELL, May 16, 1898:

We find nothing in the testimony in this case upon which a verdict against the defendant could be sustained. The plain-

tiffs' daughter, a child six years old, was playing with other children at the side of a road or village street. She was directed by her elder sister to cross the road to their home, and was cautioned to look out for a car which was then approaching. She walked partly across the road to a point five feet from the car tracks, and stopped for the car to pass. She stood there until the front part of the car passed her, and then in some way not clearly explained she got under the rear wheels and was killed. The only witness to the occurrence, a girl eleven years old, testified that the child took a step forward and "the street car pulled her down." It is not claimed that there was any negligence in the management of the car. The motorman saw the child. She had stopped, and was in a place of apparent safety at least five feet from the side of the car, when he passed her.

The plaintiffs sought to recover on the ground that the defendant company had placed on the highway an unlawful and dangerous construction which caused the death of the child. At the place where the accident happened the tracks of the defendant's road were laid by direction of the township supervisors in a trench so that the tracks were eight inches lower than the surface of the road. It appears to have been the intention of the supervisors to change the grade of the road at this place, and they desired the tracks laid so that they would be level with the surface of the road when the change was made. The road was an ordinary dirt road, and during the spring when the ground was soft ruts were worn by heavy wagons, and the earth which was displaced by the wheels formed a low mound between the traveled part of the road and the car tracks, and about two feet from the latter. The theory advanced by the plaintiffs at the trial was that the railroad company had no authority, even if directed by the supervisors, to make the trench in which its tracks were laid; that the sloping side of the trench nearest the roadway, in connection with the mound of earth formed by passing wagons, increased the danger to any one who might fall on the highway near the tracks; that if the trench and the mound had not been there the child when she fell would have remained on the surface of the road and not have rolled down under the wheels of the car.

It was not disputed that the company's engineer was directed

by the supervisors to lay the tracks at this point below the surface of the road, as they intended to lower its grade. In following this direction there was no violation by the company of its duty to conform to the grade of the road in laying its tracks.

This is what it was attempting to do. It would have been folly to have laid the tracks to conform to a surface which was to be changed the next day or the next week. The mound or embankment spoken of by the witnesses was simply a slight elevation outside of the way of the company. It was entirely on a part of the road with which the company had nothing to do, and over which it had no control. The fall of the child was not caused by the depression of the tracks, and whether their depression in connection with the mound made the situation more dangerous after she fell is mere conjecture. No one can tell with any certainty from the testimony how she fell or what caused her to fall. When the front of the car passed her she was five feet from the tracks and on the other side of the mound. She may have tripped in crossing the mound and have fallen in front of the rear wheels, or have been thrown down by coming in contact with the side of the car. The latter is more probable. But in either case she might have been injured in the same manner if the tracks had been as high as the surface of the rest of the road. The difficulty of proving how the accident happened did not relieve the plaintiffs of the burden of proving that it was caused by the negligence of the defendant, and in this they failed.

The judgment is affirmed.