## Sullivan *v.* Consolidated Traction Company.

*Negligence—Street railways—" Stop, look and listen."*

No damages can be recovered for the death of a man who with full opportunity to see an approaching street car and to avoid contact with it, steps upon the track and is instantly struck by the car.

Argued Oct. 25, 1900. Appeal, No. 131, Oct. T., 1900, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1898, No. 320, refusing to take off nonsuit in case of Kate Sullivan, in her own right and as mother and next friend of Mary Sullivan et al., minor children of Timothy Sullivan, deceased, v. The Consolidated Traction Company. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before STOWE, P. J.

At the trial it appeared that Timothy Sullivan, plaintiff's husband, was killed on the evening of December 25, 1897, by one of defendant's electric cars while attempting to cross a track at a point not at a crossing. The evidence tended to show that he did not stop or look, and that as he stepped on the track he was instantly struck.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellant.— Although the plaintiff's testimony be contradictory, so that on one part of it he is entitled to go to the jury and on the other part he is not, the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail : Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233 ; Kohler v. Penna. R. Co., 135 Pa. 346.

The rule that one cannot recover where he steps in front of a moving car is one which by its nature is applicable only to clear cases : Muscarro v. New York Cent. & Hudson River R. R. Co., 192 Pa. 8 ; Elston v. Del., Lack. & Western R. R. Co., 196 Pa. 595 ; Callahan v. Phila. Traction Co., 184 Pa. 425 ; Bodge v. Phila., 167 Pa. 492 ; McGovern v. Union Traction Co., 192 Pa. 344 ; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233.

*J. H. Beal,* with him *P. C. Knox* and *James H. Reed,* for appellee, were not heard, but cited in their printed brief : Watkins v. Union Traction Co., 194 Pa. 564 ; Blaney v. Electric Traction Co., 184 Pa. 524 ; Buzby v. Phila. Traction Co., 126 Pa. 559 ; Nugent v. Phila. Traction Co., 181 Pa. 160 ; Gilmartin v. Lackawanna, etc., Transit Co., 186 Pa. 193 ; Walsh v. Hestonville, etc., Ry. Co., 194 Pa. 570 ; Yingst v. Lebanon, etc., Traction Co., 167 Pa. 438.

PER CURIAM, January 7, 1901 :
The plaintiff's husband while attempting to cross Penn ave-

nue diagonally at the point east of Thirtieth street towards Thirty-first street, stepped upon the west-bound track and was instantly struck by a car of the defendant company from the east. The injuries received were the cause of his death within twenty-four hours of the occurrence. A clear case of contributory negligence was established by the evidence which plainly showed that the deceased had full opportunity to see the approaching car and to avoid contact with it. The case is fairly within Watkins v. Union Traction Co., 194 Pa. 564, Blaney v. Electric Traction Co., 184 Pa. 524, Gilmartin v. Lackawanna, etc., Ry. Co., 186 Pa. 190, and other cases of a like nature.

We are clearly of the opinion that the court below committed no error in entering the nonsuit and refusing to set it aside.

Judgment affirmed.