# Dillon *v.* Hegarty, Appellant.

*Equity—Equity practice—Equity jurisdiction—Amendment—Defective
prayer—Obligation for payment of money—Cloud on title—Deed—In-
sufficient description.*

Where the averments of a bill in equity together with a paper pur-
porting to be a deed attached to the bill, show that the real purpose
of the bill was to remove a cloud on title, and the averments of the an-
swer also disclose that this was the purpose, but the prayer of the bill
asks only that the instrument in question be declared a simple obliga-
tion for the payment of money, the court may after the closing of the
evidence permit the plaintiff to substitute a prayer that the instrument

be declared null and void, and stricken from the record as a cloud upon plaintiff's title.    Such an amendment includes no new cause of action, and cannot prejudice the defendant; and this is especially so if the court gives him opportunity to offer additional evidence, and even proposes a continuance for such a purpose.

A court of equity will declare null and void, and strike from the record as cloud upon title, a paper purporting to be a deed of conveyance of fifty acres of mineral lands, where the instrument contains no description whatever of the fifty acres, except that it was a part of a tract four times as great.

Argued April 20, 1908.    Appeal, No. 310, Jan. T., 1908, by defendants, from decree of C. P. Clearfield Co., Dec. T., 1905, No. 3, on bill in equity in case of Ida Dillon, widow, and other heirs of John B. Dillon v. A. L. Hegarty and W. W. Hegarty. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Bill in equity to cancel a paper purporting to be a deed and to remove cloud on title.    Before GILLAN, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The court entered a decree declaring the instrument in writing in controversy null and void, and directing it to be stricken from the record as a cloud upon plaintiff's title.

*Error assigned* was the decree of the court.

*Thos. H. Murray,* with him *Singleton Bell, H. B. Harts-wick, Jas. P. O'Laughlin* and *Hazard Alex. Murray,* for appellants.—The paper was good as a conveyance : Shephard's Touchstone, 93 ; Coke on Littleton, 46 ; Green v. Biddle, 21 U. S. 1, 76; Schriver v. Cobeau, 4 Watts, 130 ; Drusadow v. Wilde, 63 Pa. 170, 172 ; France's Estate, 75 Pa. 220, 224; Weakland v. Cunningham, 7 Atl. Repr. 148.

Where there is designation of number of acres, but not of location, grantee can elect any part of the larger defined body or tract of land : Brotherton v. Livingston, 3 W. & S. 334 ; McCord v. Bergautz, 7 Watts, 487; Everhart v. Dolph, 133 Pa. 628; Krider v. Lafferty, 1 Whart. 303, 317; Beegle v. Wentz, 55 Pa. 369, 375 ; Tryon v. Munson, 77 Pa. 250, 259.

The paper is in any event an obligation for payment of money and binding on the appellees.

The amendment was not proper : Howard v. Olyphant Borough, 181 Pa. 191; Clark v. Natural Gas Co., 184 Pa. 188 ; Chambers v. Waterman, 2 Legal Gaz. 129; Jones v. Wadsworth, 33 Legal Int. 416 ; Toomey v. Hughes, 25 W. N. C. 66.

*Cyrus Gordon,* with him *B. F. Chase* and *Harry Boulton,* for appellees.—The paper is not good as a conveyance of real estate : Mellon v. Davison, 123 Pa. 298; Soles v. Hickman, 20 Pa. 180; Fallon on Conveyances, p. '156, sec. 130; Peart v. Brice, 152 Pa. 277; Miller v. Smith, 33 Pa. 386; Smith v. Stevenson, 204 Pa. 194.

The right of selection to locate a tract of land not described in a deed by the owner, exists only in cases where it is specifically granted.

The amendment was properly allowed : Weaver v. Iselin, 161 Pa. 386; Danzeisen's Appeal, 73 Pa. 65 ; Darlington's Appeal, 86 Pa. 512.

OPINION BY MR. JUSTICE STEWART, June 23, 1908 :

The bill filed in this case contains averments which, if true, show a clear case for equitable relief, but not the specific relief asked for in the prayer of the bill. If the instrument which gave rise to the dispute is simply an obligation for the payment of money, it is difficult to see how it could be a cloud upon plaintiff's title to the land ; and if that is all it is, it is quite as difficult to see how a court of equity could relieve against it. Whether it is an enforceable pecuniary obligation, and if so, how much is owing upon it, are questions to be settled in a common-law action. The instrument purports to be a conveyance of real estate, that is to say, of mineral rights severed from the surface; it has been recorded as a deed, and the defendants are claiming under it as a sufficient legal title to fifty acres embraced in the larger tract owned by the plaintiffs. The bill discloses this, and yet the only relief asked was, that the instrument be declared a simple obligation for the payment of money, and that the amount due thereon, if anything, be ascertained and determined by the court. The answer shows a much more accurate apprehension of the real issue, and after

asserting that disputes have arisen as to the legal effect of the recorded instrument above mentioned, and as to the estate owned by the defendants in said land, and the precise location upon the ground of the fifty acres, gives assent to the same being determined in this proceeding, that litigation may be avoided and titles quieted. The case was heard on bill, answer and evidence, but it was not until the evidence was closed that the plaintiffs asked leave to amend prayer for relief. The amendment proposed, and allowed by the court, was a substitute for the original prayer, and was as follows: first, that the court decree that the paper mentioned in paragraph two of the bill, dated February 22, 1877, and recorded, is null and void as a conveyance either by deed or mortgage; and second, that it be stricken from the record as a cloud upon plaintiffs' title. The action of the court in allowing the amendment was excepted to, and is here assigned for error. The principal objection urged was that the amendment introduced a new cause of action. But this is clearly a mistaken view. The cause of action as set out in the bill admits of no other relief than that indicated in the amendment. What was complained of was, that the recorded instrument was a cloud upon the plaintiffs' title, and the action was brought to have the cloud removed. The defendants in their answer recognize this as the purpose, and agree that the question shall be determined in this proceeding. The amendment was certainly at variance with the theory of the plaintiffs as to the nature of the recorded instrument when the bill was filed; but this is of no consequence so long as it introduced no new fact, and left the cause of action the same. Before allowing it the trial judge gave every opportunity to the defendants to offer additional evidence, and even proposed a continuance of the hearing to a subsequent date if defendants so desired. In view of the real question involved, and the only one, it is impossible to see how the defendants could have been prejudiced by the amendment. The whole case turns upon the question whether the recorded instrument which was claimed to be a cloud upon the plaintiffs' title, could operate as an efficient legal conveyance of an interest in the land. The defendants insisted that it could, and were claiming under it; the plaintiffs contended it was ineffectual as a deed, and because defendants were asserting the contrary, it

was a cloud upon their title exposing them to vexatious litigation. This was the issue, and the only question was one of law, to be determined by the court from an inspection of the instrument itself. The paper that gave rise to the dispute reads as follows: " Know all men by these presents, that I, John B. Dillon, of Clearfield county, Pa., in consideration of the sum of six hundred dollars, to me in hand paid or secured to be paid, by John Clark, of Williamsport, Pa. (it being the same six hundred dollars due from me, the said John B. Dillon, to the said John Clark, referred to in an article of agreement dated February 1st, A. D. 1877), have granted, bargained, sold and transferred unto the said John Clark, his heirs or assigns, all the right, title, interest and benefit in and to fifty acres of mineral land, or in other words, the proceeds and benefits of the mineral of fifty acres of land, said fifty acres of land is situate in Becearia township, Clearfield county, Pa., and in that part of the Abraham Witmer and Thomas Ketland, situate on the north side of Turner Run, and the same piece of land allotted to me, the said John B. Dillon, in a division made by the Weston lands as by article of agreement before referred to and dated February 1st, A. D. 1877. Witness my hand and seal this February 26th, A. D. 1877, signed, John B. Dillon seal."

The defendants claim under the John A. Clark mentioned in the above paper, and their contention is that this paper vested in Clark and his assigns, a freehold interest in fifty acres of mineral land out of the larger track owned by Dillon, with the right in Clark—now in them—to locate and determine the lines and boundaries. The learned trial judge held that the description of the land which was the subject of the conveyance, was so defective and imperfect that it was not possible to locate with certainty the land attempted to be conveyed. We do not understand that the correctness of this ruling is challenged; the effort is to avoid its legal effect. It is argued that conceding the impossibility to locate accurately the fifty acres from the description in the deed, yet inasmuch as they were included within the prescribed boundaries of several larger tracts, the conveyance gave to the grantee the right to locate and adopt any fifty acres within such defined boundaries as he or his grantees might select. The argument over-

looks entirely the nature and character of the instrument under which this claim is made. Were it an executory contract between Dillon and Clark, we will not say that the latter might not be heard to assert such right; but it is not. It is a deed of conveyance. Of this there can be no question. There is nothing about the paper to suggest that the parties contemplated other or further assurance. It was a final act, expressing the ultimate intention of the parties. The legal presumption from its acceptance by Clark is that it was a fulfillment of all previous negotiations, and that into it were merged all previous understandings. At no time after acceptance of this deed by Clark could he have asserted a right to select his fifty acres out of the larger body, except through a reformation of the deed because of fraud or mistake. This he never attempted; nor do defendants here allege that any ground exists for a reformation; they stand on the paper as a final conveyance, and by it their rights are to be judged. As a conveyance the instrument is fatally defective, since it furnishes no description of the land which would serve to locate it; all that can be gathered from its terms is that the fifty acres intended to be conveyed were part of a tract four times as great; but what part is left undefined and undetermined? That is the whole case. Whether out of the transaction between Dillon and Clark arose any right on the part of defendants to share in the fund realized from the sale of the entire tract, and which is now in court for distribution, is not a question to be decided here. The orphans' court is the proper tribunal to dispose of it. The decree of the court below does not cancel the instrument under which defendants claim; it merely strikes it from the record as an ineffectual deed of conveyance, and as a cloud upon plaintiffs' title. If it can take effect for any other purpose, the decree does not impair its vitality.

The assignments are overruled, and the decree is affirmed at the costs of the appellants.