# Evans, Appellant, v. Pennsylvania Company.

*Negligence—Railroads—"Stop, look and listen"—Grade crossing—*
*Pedestrian—Contributory negligence.*

One who is struck by a moving train that was plainly visible from the point he occupied when it became his duty to stop, look and listen, will be conclusively presumed to have gone negligently into an obvious danger. This rule applies to a pedestrian about to cross at grade four tracks of a railroad, where he had a clear view of the tracks for 2,148 feet in the direction from which the train came.

Argued Oct. 21, 1909. Appeal, No. 131, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 786, for defendant non obstante veredicto in case of Elizabeth Evans v. Pennsylvania Company, operating the Pittsburg, Fort Wayne & Chicago Railway. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

At the trial the jury returned a verdict for plaintiff for $3,000. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*M. H. Stevenson*, with him *G. Wm. Jones, Jr.*, for appellant.

*R. H. Hawkins*, of *Dalzell, Fisher & Hawkins*, for appellee.

PER CURIAM, January 3, 1910:

That the death of the plaintiff's husband was caused by his negligence in walking in front of a train which he would have seen had he looked, is clear beyond all doubt. He was an ac-

tive man sixty-two years of age and had good hearing and good eyesight. He went to West Bellevue station on the defendant's road at noon with the intention of crossing the tracks at what may be regarded as a public crossing for pedestrians. It was raining, but there was nothing in the condition of the weather that materially limited his range of vision. At this place there were four tracks. He stood on the platform in front of the station nine feet from the first track, while a freight train passed east on the third track. From the place where he stood he had a clear view of the tracks east for 2,148 feet. When the freight train had passed, he started across and was struck by the engine of a passenger train running west on the first track. There was not a particle of evidence that he looked towards the approaching train, and the positive evidence on the part of the defendant was that he did not look. But if he looked, he saw the engine and took the chance of getting over in advance of it. As stated in the opinion of the learned trial judge: "The attention of the deceased was entirely taken up by the passing freight train, and, as soon as that train had passed over the crossing, he started to cross the tracks, and was immediately struck by the passenger train, which he could have seen in time to have prevented the accident, if he had looked." The case was clearly within the rule announced in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and since followed in a long line of cases extending from Myers v. B. & O. R. R. Co., 150 Pa. 386, to Walsh v. Penna. R. R. Co., 222 Pa. 162, that one who is struck by a moving train that was plainly visible from the point he occupied when it became his duty to stop, look and listen will be conclusively presumed to have gone negligently into an obvious danger. A verdict might properly have been directed at the trial for the defendant, and there was no error in entering judgment for it non obstante veredicto.

The judgment is affirmed.