## Nelson, Appellant, *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.

*Negligence—Railroads—Grade crossing—"Stop, look and listen."*

In an action against a railroad company to recover damages for death of plaintiff's husband sustained at a grade crossing, no recovery can be had because of decedent's contributory negligence, where it appears that the accident happened on a dark night in a populous suburb at a crossing with which the decedent was familiar, that the

decedent after making a stop about thirty-five feet from the track started again, and without further stopping or looking, went upon the track, and was struck by a train which he could have seen if he had stopped or looked again.

Argued April 15, 1914.   Appeal, No. 34, April T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Sept. T., 1910, No. 155, on verdict for defendant n. o. v. in case of Lizzie Nelson, now Lizzie Porter, v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before Macfarlane, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court rendered a verdict for plaintiff. Subsequently judgment was entered for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*L. K. Porter*, with him *S. G. Porter*, for appellant, cited: Patterson v. P., C., C. & St. L. Ry. Co., 210 Pa. 47; Penn. R. R. Co. v. Weiss, 87 Pa. 447; Cromley v. P. R. R. Co., 211 Pa. 429; Ayers v. Pitts., etc., Ry. Co., 201 Pa. 124; Arnold v. Phila. & Reading R. Co., 161 Pa. 1.

*W. S. Dalzell*, for appellee, cited: Marland v. P. & L. E. R. R. Co., 123 Pa. 487; Penna. R. Co. v. Mooney, 126 Pa. 244; Blight v. Camden, etc., R. R. Co., 143 Pa. 10.

Opinion by Orlady, J., July 15, 1914:

The plaintiff recovered a verdict for $1,100, as damages for the death of her husband at a grade crossing of the

defendant company. On motion, judgment was entered for the defendant non obstante veredicto.

The decedent was familiar with the crossing and its surroundings, which was through a populous suburb of Pittsburg, and was obviously dangerous on account of its being at grade and frequently occupied by moving trains. The accident happened on a dark night, when extreme caution was required of him. The public crossing traversed the three track railroad from the southward, and when fourteen feet from his first track, the decedent stopped at a watchman's box to allow a freight train to pass; from this place he had an unobstructed view to the westward of a distance of 500 feet, and the view in that direction was increased as he walked forward a distance of twenty-two feet to the track where he was killed just as he stepped on the rail.

These facts are clearly established by the plaintiff's witness who was present at the time of the accident. The train which caused the death was made up of two heavy locomotives hauling nine steel Pullmans, and moving at about fifty miles per hour. The first engine was equipped with headlight and signals on the front, and whether the bell was rung or whistle sounded is disputed, but under the facts of this case is not material, as the decedent was so clearly guilty of contributory negligence that the plaintiff cannot recover. The noise of a heavy railroad train moving at high speed cannot be imputed to any other source. The decedent's attention was not diverted by any other fact. He was possessed of his natural faculties and knew that he was entering upon a dangerous grade crossing. After making the stop, about thirty-five feet from the track, he did not stop or look again to the westward, although, had he done so, he would have seen the approaching train. He failed in discharging the duty imposed by the law on a traveler who enters upon a railroad track. He voluntarily assumed the risk, and the case was well within the rule announced in Carroll v. Penna. R. R. Co.,

12 W. N. C. 348, and since followed in a long line of cases without lessening in any way its rigorous application when the facts are clearly within it: Evans v. Penna. Co., 226 Pa. 370; Tozer v. Altoona, etc. Ry. Co., 45 Pa. Super. Ct. 417.

The judgment is affirmed.