# Hare *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Collision between train and wagon.*

Where the driver of a two-horse team and heavy wagon approaches on a clear day, a grade crossing with which he is familiar, and stops at a point eighteen feet from the crossing, where he has an unobstructed view of 1,650 feet, and not seeing or hearing a train, starts his team and without further stopping, and with his attention fixed upon his horses, drives upon the track, and the engine of an express train going at the rate of forty miles an hour strikes the fore-wheel of the wagon, the driver is guilty of contributory negligence as a matter of law, and the owner of the wagon and horses cannot recover for the injuries sustained by them.

In such a case it is immaterial that the flagman was not at the crossing at the time, and that the plank crossing was not in a safe condition, so that the driver had to give special attention to his horses.

Argued Oct. 5, 1916.  Appeal, No. 366, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1915, No. 65, on verdict for plaintiff in case of C. Elizabeth Hare v. Philadelphia & Reading Railway Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Trespass to recover damages for injuries to two horses and a wagon.  Before CRANE, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $700.  Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant non obstante veredicto.

*Wm. Clarke Mason,* for appellant.—There was no case

for the jury: Corcoran v. Penna. R. R. Co., 203 Pa. 380;
Nagle v. Penna. R. R. Co., 43 Pa. Superior Ct. 400; Walsh
v. Penna. R. R. Co., 222 Pa. 162; Nelson v. Pittsburgh,
Cin., Etc., Ry. Co., 57 Pa. Superior Ct. 541; Paul v. Phil-
adelphia & Reading Ry. Co., 231 Pa. 338; Darbrinsky v.
Penna. Co., 247 Pa. 177; Mouer v. Cumberland Valley
R. R. Co., 237 Pa. 638.

*Willis B. Heidinger,* for appellee.—The rule having
been complied with, the clear, undisputed evidence being
that the driver did stop, look and listen, everything else
that might be required of the plaintiff are questions for
the jury: Reitler v. Penna. R. R., 238 Pa. 1; Reitter v.
Penna. R. R. Co., 242 Pa. 426; Ely v. Pitts., Cin., Chi. &
St. Louis Ry., 158 Pa. 233; Elston v. D., L. & W. R. R.,
196 Pa. 595; Newman v. Del., L. & W. R. R. Co., 203 Pa.
530; Bard v. Philadelphia & Reading Ry. Co., 199 Pa. 94.

OPINION BY ORLADY, P. J., November 2, 1916:

The plaintiff recovered a verdict, as damages on ac-
count of injuries sustained by two horses and a wagon,
at a grade crossing of the defendant company. The ac-
cident occurred on a clear day, while the plaintiff's em-
ployee was driving an empty, open coal wagon on his re-
turn to the distributing yard of the plaintiff. The driv-
er's testimony is brief and free from any doubtful state-
ment or inference. As he approached the tracks, with
which he was familiar, he made a momentary stop before
making a sharp turn from a street into the one which
crossed the track. The horses' heads were eight or ten
feet from the first track, and the driver, seated in the
wagon, was eight or ten feet farther from the track.
From this position he had an unobstructed view along
the line of the railroad, in the direction from which the
train came that struck him for a distance of 1,650 feet.
He then proceeded to cross the tracks, and when the
horses had entered upon the first track he heard a shriek-
ing whistle from the approaching engine, which was then

distant 350 feet; whereupon he turned the horses from the track to avoid the collision, but did not succeed in getting them clear of the track. The engine struck the hub of the left fore wheel of the wagon, causing the injury for which this action is brought. After stopping, as stated, he made no second stop, and did not again look to see if the track was clear. The express train was traveling about forty miles an hour. The driver's explanation of his crossing without a further stop, was, that a gate or flagman who was regularly stationed at that place, was not on the track to give him a danger signal of an approaching train, and that the planked crossing between the rails was not in safe condition, so that it was necessary for him to give special attention to his horses to prevent their shoes being caught between the rails and planking. He testified that he looked and listened while he made the momentary stop, and not seeing or hearing a train, he proceeded on his way.

The trial judge concisely defined his duty as follows: "It is an inflexible, iron-clad rule of law in the State of Pennsylvania, that a person prior to crossing a railroad track must do three things; he must stop, he must look, and he must listen, and he must do those three things at the last point of safety prior to crossing. If he fails to do it, he is chargeable, as a matter of law with contributory negligence and cannot recover." A compulsory non suit on motion of defendant's counsel was declined and subsequently the motion for judgment non obstante veredicto, was dismissed, from which action this appeal is taken.

As stated in Craig v. Penna. R. R., 243 Pa. 455, "It is generally a question for the jury, whether under the facts of the particular case there was negligence in not stopping longer, or at another and better place. But the law requires a listening, as well as a looking, for a coming train, and this driver had an unobstructed view along the track for 1,650 feet.

This rapidly approaching express train, even without

the sound of a whistle or bell on a clear day, must necessarily have produced noises which should not be disregarded. The fact that he escaped further injury by turning his horses from the track after hearing the whistle, 350 feet distant, is a demonstration of the fact that had he looked before his horses entered upon the track, he would necessarily have seen the approaching train and avoided his injury. The duty of being observant and careful in crossing the tracks of a railroad does not cease with the mere act of stopping, looking and listening, at some point at a safe distance from the track, but continues so long thereafter as danger is reasonably to be apprehended and by proper care can be avoided. The duty to be observant continues as long as danger threatens. If, between the point where the party stopped and the tracks of the railroad, the situation afforded an opportunity to discover an approaching train, and the injuries resulted because of disregard of such opportunity, the original act of stopping cannot operate to relieve the injured party of contributory negligence: Walsh v. Penna. Railroad, 222 Pa. 166.

If it is assumed that the train was not in sight when he started, it must inevitably have been in sight before he reached the tracks, and it was his duty to look as he advanced: Mouer v. Cumberland Valley R. R., 231 Pa. 638; Paul v. Philadelphia & Reading Ry. Co., 231 Pa. 338; Darbrinsky v. Penna. Co., 247 Pa. 177; Nelson v. Pittsburgh, Cin., Etc., Ry. Co., 57 Pa. Superior Ct. 541; Sefton v. Baltimore & Ohio R. R. Co., 64 Pa. Superior Ct. 218.

The situation he describes was one requiring special care. The absence of the gate, or flagman did not relieve him from the duty of observing the mandatory rule to stop, look and listen. His driving an unwieldy wagon and his doubt as to the safety of the planking on the railroad crossing, only increased his duty to be vigilant before entering upon it. Assuming that the train was running at a very rapid rate, he was familiar with the cross-

ing, his view was unobstructed, and it was his bounden duty to be vigilant until he actually entered upon the track. His right to recover must depend upon what he should have seen or heard at that time.

It is urged that he was obliged to give attention to his team, and this must be conceded as a reasonable proposition, but with the hazard of crossing the tracks of a railroad, which may be occupied any moment by a passing train, all other requirements become secondary to that of saving his own life and that of others, by avoiding a collision. The fact that he stopped but 18 feet from the track is not controlling. It may be it was the last and best place to stop, but when the driver admits that he moved forward without continuing his vigilance by looking and listening until he entered upon the track, he must be held, under many of our decisions, to be guilty of contributory negligence.

The judgment is reversed.